UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABUWI MAHDI,<br><br>                       Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>                       Defendant. | Case No.: 24-cv-1092-RSH-KSC<br><br>**ORDER:**<br><br>**(1) DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM; AND**<br><br>**(2) DENYING MOTION TO RECUSE**<br><br>[ECF Nos. 6, 7] |

Plaintiff Abuwi Mahdi, proceeding pro se, filed the operative complaint in this action on June 24, 2024. Plaintiff simultaneously filed a motion for leave to proceed *in forma pauperis* ("IFP"). On July 17, 2024, the Court granted Plaintiff's IFP motion but dismissed the case pursuant to 28 U.S.C. § 1915(e) for failure to state a claim. ECF No. 5. The Court granted Plaintiff leave to amend.

On August 16, 2023, Plaintiff filed a motion to recuse the undersigned. ECF No. 6. On September 3, 2024, Plaintiff timely filed his First Amended Complaint ("FAC"). ECF No. 7.

1  As set forth below, the Court dismisses the FAC for failure to state a claim, and
2  denies the motion to recuse.

3  **I.  PLAINTIFF'S FIRST AMENDED COMPLAINT**

4  As explained in the Court's previous order, pursuant to the IFP statute, the Court
5  reviews Plaintiff's pleading to determine whether it "fails to state a claim on which relief
6  may be granted." 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.
7  2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss
8  an in forma pauperis complaint that fails to state a claim."). "The language of section
9  1915(e)(2), as it applies to dismissals for failure to state a claim, 'parallels the language of
10 Federal Rule of Civil Procedure 12(b)(6).'" *Lopez*, 203 F.3d at 1127 (quoting *Barren v.
11 Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

12 Under this standard, although detailed factual allegations are not required,
13 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
14 statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining
15 whether a complaint states a plausible claim for relief [is] . . . a context-specific task that
16 requires the reviewing court to draw on its judicial experience and common sense." *Id.* at
17 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-
18 harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* at 678-79.
19 Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true,
20 'to state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atlantic
21 Corp. v. Twombly*, 550 U.S. 544, 570 (1955)). Consistent with Ninth Circuit precedent, the
22 Court "construe[s] pro se pleadings liberally." *United States v. Qazi*, 975 F.3d 989, 992
23 (9th Cir. 2020).

24 The FAC alleges eight claims. ECF No. 7. Five of those claims—Claims Five
25 through Eight—are for violations of federal *criminal* law. Plaintiff seeks money damages
26 on each of these claims. These claims, however, fail to state a *civil* cause of action.
27 //
28

Claims One through Four allege that the Internal Revenue Service (the "IRS") violated various provisions of 26 U.S.C. § 6103(e) by (1) denying Plaintiff's request for copies of personal tax returns or transcripts, and (2) denying Plaintiff's request for copies of corporate tax returns or transcripts for an entity called BFIC. The FAC cites the following portions of 26 U.S.C. § 6103(e):

> **(e) Disclosure to persons having material interest.**--
>
> **(1) In general.**--The return of a person shall, upon written request, be open to inspection by or disclosure to--
>
>> (A) in the case of the return of an individual—
>>
>>> (i) that individual . . .
>>
>> (B) in the case of an income tax return filed jointly, either of the individuals with respect to whom the return is filed;
>>
>> . . .
>>
>> (D) in the case of the return of a corporation or a subsidiary thereof—
>>
>>> (i) any person designated by resolution of its board of directors or other similar governing body,
>>>
>>> . . .
>>>
>>> (iii) any bona fide shareholder of record owning 1 percent or more of the outstanding stock of such corporation, . . . .

26 U.S.C. § 6103(e). Plaintiff seeks damages on these claims ranging from $30 million to $360 million.

The statutory provision on which Plaintiff relies, 26 U.S.C. § 6103(e), does not create a private right of action or a basis for this Court's subject matter jurisdiction. *See Powell v. Yellen*, No. 21-2946, 2022 WL 2355419, at *2 (D.D.C. 2022) ("[T]his Court has

stated many times . . . that § 6103 does not provide an independent cause of action."); *Surgick v. Cirella*, No. 09-3807, 2010 WL 2539418, at *4 ("Section 6103 does not provide an independent, legally cognizable means to challenge the IRS's non-disclosure of tax information . . . ."). Instead, the Freedom of Information Act ("FOIA") provides a statutory framework for obtaining the production of agency information. *See Grasso v. IRS*, 785 F.2d 70, 74 (3d Cir. 1986) ("We conclude, as did the Ninth, Fifth, and Eleventh Circuits, that section 6103 operates within the confines of FOIA."); *Long v. IRS*, 742 F.2d 1173, 1177 (9th Cir. 1984) ("[N]either section 6103 nor its legislative history contains any language indicating that section 6103 should operate independently of FOIA."); *Linsteadt v. IRS*, 729 F.2d 998, 999 (5th Cir. 1984) ("[A]lthough § 6103 may furnish the criteria for the agency's duty to disclose return information, judicial review of the agency's nondisclosure is governed by the [Freedom of] Information Act."). Claims One through Four therefore fail to state a claim.

Dismissal without leave to amend is proper where the Court concludes that amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). The Court previously granted Plaintiff leave to amend, and concludes that further amendment would be futile here. In addition to the fundamental defects identified above, the FAC is largely lacking in plausible detail and coherence.

Although the Court declines to grant leave to amend, as discussed above, FOIA provides a statutory framework for obtaining agency records. Pursuant to 5 U.S.C. § 552(a)(4)(B), a district court has jurisdiction to enjoin a federal agency from withholding agency records that were improperly withheld. In order to pursue such a claim, prior to bringing suit, a plaintiff must comply with the agency's administrative procedures for making a FOIA request. Additionally, a plaintiff is required to exhaust administrative

//
//
//

remedies before seeking judicial review. *See United States v. Steele*, 799 F.2d 461, 465-66 (9th Cir. 1996).[1]

## II. MOTION TO RECUSE

Plaintiff has also moved to recuse the undersigned on grounds of bias. ECF No. 6. Plaintiff's motion is based on the Court's prior order dismissing the original complaint with leave to amend. Specifically, he takes issue with the Court's determination that certain allegations in the complaint were vague or speculative. More broadly, he takes issue with the Court's reading of his complaint, and with the Court's conclusion and analysis that it failed to state a claim.

Section 455(a) of Title 28 of the U.S. Code instructs that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "[R]ecusal is appropriate where 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Carey*, 929 F.3d 1092, 1104 (9th Cir. 2019) (quoting *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993)). Judges should recuse only when there is good reason for doing so: "[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (citation and internal quotation marks omitted).

---

[1] The Court does not assume that Plaintiff will seek to pursue remedies under FOIA. The FAC neither invokes FOIA, nor mentions Plaintiff having made a request pursuant to FOIA, much less having exhausted administrative remedies. Furthermore, the FAC seeks hundreds of millions of dollars in damages rather than injunctive relief; but FOIA does not provide a right to pursue monetary damages. *See Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1117 (C.D. Cal. 1998) ("There is no provision under FOIA which provides for an award of money damages for alleged wrongs by federal agencies."). In any case, this dismissal does not preclude Plaintiff from seeking records under FOIA in the future.

The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Almost invariably, they are proper grounds for appeal, not for recusal." *Id.* Here, as far as the Court can discern, Plaintiff takes issue only with a ruling of the Court, including the Court's characterizations of deficiencies in the Complaint that the Court gave Plaintiff an opportunity to amend. The Court does not see a basis for recusal, and Plaintiff's motion is denied.

### III. CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's motion to recuse (ECF No. 6), **DISMISSES** Plaintiff's FAC without leave to amend, and **DISMISSES** the action. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: September 12, 2024

_____
Hon. Robert S. Huie
United States District Judge